**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JEREMY K. NIX**
Matheny, Hahn, Denman & Nix, L.L.P.
Huntington, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

CORY A. MYERS                          )
                                       )
    Appellant-Defendant,           )
                                       )
      vs.                      )    No.  35A05-1302-CR-90
                                       )
STATE OF INDIANA,                      )
                                       )
    Appellee-Plaintiff.            )

APPEAL FROM THE HUNTINGTON SUPERIOR COURT
The Honorable Jeffrey R. Heffelfinger, Judge
Cause No. 35D01-1207-FD-146

**August 13, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Cory Myers ("Myers") appeals his conviction for Domestic Battery, as a Class D felony,[1] presenting the sole issue of whether the trial court abused its discretion by excluding a defense witness. We affirm.

**Facts and Procedural History**

In June of 2012, Denise Myers ("Denise") filed to dissolve her marriage to Myers. However, they and their two children continued to live together in the same house.

On July 2, 2012, Denise was lying in bed when Myers removed the blankets, "slammed" the bottom of Denise's feet, and ordered: "Get up bitch." (Tr. 112.) When Denise asked Myers to leave her alone, he responded by picking up a glass of water and dumping it on her "from head to toe." (Tr. 112.) Myers screamed at Denise, turned on the radio "full blast," turned lights off and on, and kept Denise awake until around 1:00 a.m. (Tr. 112.)

Denise got up at 5:00 a.m. the next morning to prepare for work. When she entered the kitchen and reached for her book bag on the counter, Myers approached her from behind. Myers placed both hands on Denise's shoulders and threw her up against the counter and the wall. Denise grabbed her book bag and ran out to go to work, as Myers continuing screaming at her.

Denise arrived home with her children at approximately 3:00 p.m. Myers began yelling and screaming. At one point, he threw something at Denise and threatened: "If you

---

[1] Ind. Code § 35-42-2-1.3(a).

cross this line, bitch, I'll kill ya." (Tr. 115.) Myers checked Denise's cell phone and Denise responded that she would check Myers's phone. Myers grabbed Denise's wrists, shook her, and threw her down on a bed. Denise gathered her children and escaped to the house of a friend, who convinced Denise to call police.

Huntington Police Officer Whitney Stoffel was dispatched to take a report. Officer Stoffel observed that Denise was crying and "shaken up" and had a bruise on her forearm. (Tr. 131.)

The State charged Myers with two counts of Domestic Battery and one count of Battery and also alleged that he had a prior Domestic Battery conviction. At the conclusion of a jury trial, Myers was found guilty of Domestic Battery as a Class A misdemeanor. The offense was elevated to a Class D felony due to his prior conviction for Domestic Battery. This appeal ensued.

**Discussion and Decision**

Myers alleges that the trial court excluded a witness "where the excluded testimony was vital to [his] theory of the case … and the State would not have suffered substantial prejudice by allowing the testimony." Appellant's Brief at 1.

An offer of proof is the method by which the proponent of evidence preserves any error in its exclusion. Noble v. State, 725 N.E.2d 842, 846 (Ind. 2000). When the proponent does not make an offer of proof, he has not adequately preserved the exclusion of the witness' testimony as an issue for appellate review. Id. The Rules of Evidence require that the substance of the evidence be made known to the trial court and that the offer to prove

3

identify the grounds for admission and the relevance of the testimony. Id. (citing Ind. Evidence Rule 103(a)). Myers failed to submit an offer of proof and therefore has not preserved the exclusion of his witness's testimony for appellate review.[2]

Affirmed.

MAY, J., and BRADFORD, J., concur.

---

[2] Myers's brief suggests that the witness was his sister, who had been the recipient of text messages from Denise at some unspecified time. However, the proffered witness was not identified at the jury trial.